IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TOBIAS ORTIZ and AMELIA ORTIZ,

    Plaintiffs,

vs.                                                                                       NO. CIV. 04-774 RB/WDS

DEPARTMENT OF THE ARMY, ALBUQUERQUE
DISTRICT, CORPS OF ENGINEERS, and
C & R FORESTRY, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's ("United States")[1] motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or in the alternative, for summary judgment, because 1) the United States is not liable for the torts of its independent contractors under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq.; and 2) Plaintiffs' did not file suit in a timely manner under 28 U.S.C. § 2401(b). For the following reasons, the Court **GRANTS** the United States' motion pursuant to the independent contractor exception of the FTCA.

**I. Facts.**

Plaintiffs Tobias and Amelia Ortiz ("Plaintiffs") own land adjacent to the Pecos River in San Miguel County, New Mexico. (Compl. ¶ 8.) In September 2000, the United States contracted with C & R Forestry, Inc. ("C & R"), an Idaho corporation, to build a dam across the Pecos River. *Id.*;

---

[1] Although the caption of the Complaint names the Department of the Army Corps of Engineers as a defendant, an action under the FTCA may be brought only against the United States and not against an agency. 28 U.S.C. § 2679(a), (b); *Miller v. United States*, 710 F.2d 656, 657, fn. 1 (10th Cir. 1983).

(United States' Mot. to Dismiss at 2, Decl. of Fawn Fox.) This diversion project, called the Pueblo Diversion Structure, was part of a comprehensive federal program to preserve and protect the historic irrigation ditch systems in New Mexico. (Compl. ¶¶ 6, 9, 12, 22-23); (Pls.' Resp. to United States' Mot. to Dismiss, at 1.)

Pursuant to the contract between C & R and the United States, C & R provided its own employees, equipment, liability insurance, and paid all payroll taxes. (United States' Mot. to Dismiss at 2, Decl. of Fawn Fox.) Moreover, C & R was responsible for inspecting the construction site and protecting existing vegetation. *Id.* C & R also had the authority to subcontract portions of the construction work. *Id.* The United States, however, retained supervisory control over the project, which included the powers of inspection, review, and final approval of the work to "ensure that the project met the contract specifications. (Pls.' Resp. to United States' Mot. to Dismiss, at 3, Ex. C, Decl. of Fawn Fox.) Thereafter, Plaintiffs allowed C & R to set up a construction site on Plaintiffs' land.

The United States told Plaintiffs that their land would be restored to a condition substantially similar to the original condition after the project was completed. (Compl. ¶ 10.) On April 3rd and 4th, 2001, Fawn Fox, a representative of the United States, and a representative from C & R, met with Plaintiff Tobias Ortiz for a "pre-final inspection" of the construction work that occurred on Plaintiffs' property. (Pls.' Resp. to United States' Mot. to Dismiss, at 3, Ex. F.) At that time, Mr. Ortiz informed both representatives that the topsoil around the construction site on his property had not yet been restored to its original condition. *Id.* at 3, Ex. C, Ex. E. Ms. Fox relayed Mr. Ortiz's concern to C & R after this meeting concluded. *Id.* at Ex. C. In May 2001, all work on the diversion projected stopped and the workers and equipment were removed from Plaintiffs' property. *Id.* at 4,

Ex. A.  The topsoil was never restored to its pre-construction condition.  (Compl. ¶ 19.)

On April 30, 2003, Plaintiffs delivered a "Claim for Damage" form to the United States.  (Pls.' Resp. to United States' Mot. to Dismiss, at 4, Ex. A.)  The United States denied Plaintiffs' claim on January 20, 2004.  (Compl. ¶ 16.)  Plaintiffs then filed a direct negligence claim under the FTCA against the United States for failure "to properly restore Plaintiffs' property to substantially the same condition that it was in prior to the river diversion."  (Compl. ¶ 19.)

## II. Analysis.

### A. Standard of review.

The applicability of an exception to the FTCA's waiver of immunity presents a jurisdictional issue.  *Aragon v. United States*, 146 F. 3d 819, 823 (10th Cir. 1998).  Rule 12(b)(1)of the Federal Rules of Civil Procedure allows dismissal of a complaint for "lack of jurisdiction over the subject matter."  FED. R. CIV. P. 12(b)(1).  When a party challenges the allegations supporting subject matter jurisdiction, the court has wide discretion to allow affidavits and other documents to resolve disputed jurisdictional facts.  *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995); *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).  In such a case, reference to evidence outside the pleadings does not necessarily convert the motion to a summary judgment motion under Federal Rule of Civil Procedure 56.  *Holt*, 46 F.3d at 1003.

However, where jurisdictional issues raised in a Rule 12(b)(1) motion are intertwined with the merits of the case, the motion should be resolved under Rule 56.  *Holt*, 46 F.3d at 1003.  In analyzing whether jurisdiction is intertwined with the merits of a particular dispute, "the underlying issue is whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim."  *Sizova v. Nat. Inst. of Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002)

(internal quotations omitted).  The applicability of the FTCA's independent contractor exception is a jurisdictional question that is intertwined with the merits of the case.  *Bell v. United States*, 127 F.3d 1226, 1228 (10th Cir. 1997).  Therefore, the Court will apply the summary judgment standard.

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  The Tenth Circuit has held that "[s]ummary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact.'"  *Muñoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000) (quoting Rule 56(c)).  When applying this standard, the court examines the record and makes all reasonable inferences in the light most favorable to the non-moving party.  *Id*.

### B. Plaintiffs' action is not time barred.

A genuine issue of material fact exists as to whether Plaintiffs filed suit in a timely manner.  A tort claim against the United States under the FTCA is barred "unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ."  28 U.S.C. § 2401(b).  The United States argues that Plaintiffs' injury occurred on April 3rd or 4th, 2001, when Plaintiff Tobias Ortiz met with representatives from the United States and C & R for a "pre-final" inspection of their property and informed the representatives that the topsoil had not yet been returned to its pre-construction condition.  Since Plaintiffs did not file their "Claim for Damage" with the U.S. Army until April 30, 2003, the United States argues, therefore, that Plaintiffs' claim is time barred. Plaintiffs contend that their claim did not accrue until May 2001, when the project concluded and the construction equipment and workers were removed from their property.  Only then, Plaintiffs argue,

4

did they realize that their property would not be restored to its original condition. Because a genuine issue of fact exists as to when Plaintiffs' claim began to accrue, the Court assumes Plaintiffs filed suit in a timely manner and **DENIES** the United States' motion with respect to the timeliness of Plaintiffs' claim.

However, since the FTCA's independent contractor exception bars this action against the United States, the Court will **GRANT** the United States' motion for summary judgment and dismiss the United States as a party from this suit.

### C. The FTCA's independent contractor exception.

With the passage of the FTCA, Congress "consented to suits against the United States for certain torts committed by federal employees while acting within the scope of their employment." *Woodruff v. Covington*, 389 F.3d 1117, 1125 (10th Cir. 2004). The FTCA waives sovereign immunity for claims against the United States "for money damages . . . for injury or loss of property" based on "the negligent or wrongful act or omission" of a federal employee "acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). The FTCA, therefore, is a limited waiver of sovereign immunity that applies only to *federal employees*. *United States v. Orleans*, 425 U.S. 807, 813 (1976).

The FTCA excludes independent contractors from the definition of federal employee. 28 U.S.C. § 2671; *Covington*, 389 F.3d at 1126; *see also Garcia v. Reed*, 227 F. Supp.2d 1183, 1187 (D.N.M. 2002). The Supreme Court has "emphasized the importance of the 'federal employee' requirement as gatekeeper [to suits under the FTCA]: 'It is inconceivable that Congress intended to have waiver of sovereign immunity follow congressional largesse and cover countless unidentifiable classes of 'beneficiaries.''" *Covington*, 389 F.3d at 1126 (quoting *Orleans*, 425 U.S. at 816).

Plaintiffs, therefore, can only sue the United States for the negligence of C & R under the FTCA if C & R is considered a government employee.

The key factor in determining whether an entity is a federal employee under the FTCA or an independent contractor excluded from the FTCA's coverage is whether the United States supervises the entity's day-to-day operations. *Covington*, 389 F.3d at 1126. The Supreme Court has held that an essential element "in distinguishing an [employee] from a contractor is the power of the Federal Government to 'control the detailed physical performance of the contractor.'" *Orleans*, 425 U.S. at 814 (quoting *Logue v. United States*, 412 U.S. 521, 528 (1973)). In other words, the issue is not whether C & R "receives federal money and must comply with federal standards and regulations, but whether its day-to-day operations are supervised by the Federal Government." *Orleans*, 425 U.S. at 815.

The Tenth Circuit has enumerated seven factors the Court should consider in determining whether a contractor may be considered a federal employee under the FTCA:

> (1) the intent of the parties; (2) whether the United States controls only the end result or may also control the manner and method of reaching the result; (3) whether the person uses his own equipment or that of the United States; (4) who provides liability insurance; (5) who pays social security tax; (6) whether federal regulations prohibit federal employees from performing such contracts; and (7) whether the individual has authority to subcontract to others.

*Covington*, 389 F.3d at 1126 (citing *Curry v. United States*, 97 F.3d 412, 414 (10th Cir.1996)); *Lilly v. Fieldstone*, 876 F.2d 857, 859 (10th Cir.1989). Based on a consideration of these factors, C & R does not qualify as a federal employee under the FTCA.

There is no genuine issue of material fact as to whether the United States controlled the day-to-day operations of C & R under the terms of the contract between the United States and C & R.

Pursuant to the contract, C & R provided its own employees, equipment, liability insurance, and paid all payroll taxes. Moreover, C & R had the authority to subcontract portions of the construction work. Although the United States retained supervisory control over the project, which included the powers of inspection, review, and final approval of the work, the United States could monitor only "the end result" of the project, not C & R's "manner and method of reaching the result." *Covington*, 389 F.3d at 1126 (citing *Curry v. United States*, 97 F.3d 412, 414 (10th Cir.1996)); *Lilly v. Fieldstone*, 876 F.2d 857, 859 (10th Cir.1989); (Pls.' Resp. to United States' Mot. to Dismiss, at 3, Ex. C, Decl. of Fawn Fox.) The United States, therefore, had no control over C & R's day-to-day operations.

Because the United States did not control C & R's day-to-day operations, C& R is not a federal employee under the FTCA. Rather, C & R is an independent contractor and therefore excluded from coverage by the FTCA. *Covington*, 389 F.3d at 1126. Plaintiffs' negligence claim against the United States is barred by the independent contractor exception of the FTCA. The Court, therefore, will **GRANT** the United States' motion for summary judgment. Plaintiffs may continue to pursue their claims against C & R.

                                                      **ROBERT C. BRACK**
                                                      **UNITED STATES DISTRICT JUDGE**